**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN SCHOR, INC., et al., <br><br> Defendants. | Case No. CV 13-4533 FMO (JEMx) <br><br> **ORDER RE: DISMISSAL WITHOUT PREJUDICE** |

    Unicolors, Inc. ("plaintiff") filed a Complaint in this court on June 21, 2013.  On September 17, 2013, plaintiff was ordered to show cause, on or before October 19, 2013, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.  (See Court's Order of October 21, 2013 at 1).  Following review of plaintiff's response to the court's Order to Show Cause Re: Dismissal Re: Lack of Prosecution, the court granted plaintiff an additional two weeks to effect service and set a deadline of November 4, 2013, for plaintiff to file a proof of service.  (See Court's Order of October 21, 2013 at 1).  Plaintiff was also advised that "[f]ailure to file the required proof of service shall result in this action being dismissed without prejudice."  (Id.).  As of the date of this order, plaintiff has not filed the required proof of service or moved to extend the deadline.

    Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected within a specified time.  In

addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992) (district court may dismiss action for failure to comply with court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and failure to comply with the Court's Order of October 21, 2013, is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court. Dated this 7th day of November, 2013.

/s/
Fernando M. Olguin
United States District Judge

2